UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROHAN ALEXANDER WALTERS,**

    **Petitioner,**

v.                                                     **Case No. 2:97-cr-00157-2**
                                                          **Case No. 2:09-cv-00589**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Following a jury trial conducted between December 16 and 19, 1997, Petitioner, Rohan Alexander Walters, was convicted of violating 18 U.S.C. §§ 846 (conspiracy to distribute marijuana), 841(a)(1) (distribution of marijuana), 1952(a)(h)(conspiracy to launder monetary instruments), 1956(a)(1)(A)(i) (conducting a financial transaction to promote a specified unlawful activity), 1956(a)(1)(B)(i) (conducting a financial transaction to conceal the proceeds of a specified unlawful activity), and 1542 (making a false statement in application for a passport). United States v. Walters, No. 2:97-cr-157-2 (S.D. W. Va., Dec. 22, 1997) (docket ## 234, 235). On March 18, 1998, Petitioner was sentenced to 405 months of imprisonment and five years of supervised release. A Judgment to that effect was entered on March 19, 1998 (# 299).

Petitioner's direct appeal of his convictions was unsuccessful. United States v. Walters, No. 98-4248, 1999 WL

713905 (4th Cir. Sept. 14, 1999). The mandate issued October 6, 1999 (# 477).

Petitioner filed a motion under 28 U.S.C. § 2255 (# 505), which was denied by Order entered June 1, 2001 (# 544). The Fourth Circuit denied his application for a certificate of appealability and dismissed his appeal (# 559).

On July 12, 2004, Petitioner filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied by Orders entered March 14, 2006 (## 646, 647). His appeal was unsuccessful. United States v. Walters, No. 06-6617 (4th Cir. Jan. 18, 2007).

Pending before the court is Petitioner's latest effort to attack his conviction and sentence, a petition for writ of *audita querela*, filed pursuant to 28 U.S.C. § 1651 (# 663). The petition argues that the writ is available to him because United States v. Booker, 543 U.S. 220 (2005), announced a new rule of constitutional law that was unforeseeable when Petitioner was sentenced. (Petition, at 9.) He also points out that his sentence is substantially longer than any of his co-defendants. Id., at 3.

It is well-settled law that the writ of *audita querela* "does not provide a purely equitable basis of relief from an otherwise valid criminal conviction." United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Petitioner urges the court to follow the example of Judge Zilly of the U.S. District Court for the Western

2

District of Washington, who granted the writ and re-sentenced a defendant whose original, mandatory guideline sentence of thirty years was deemed to be "a grave injustice."  United States v. Kessack, No. C05-1828Z (W.D. Wash. Jan. 18, 2008), 2008 WL 189679, *7.  The Kessack decision is not binding precedent.

Other District Courts within the Fourth Circuit have addressed petitions similar to the one pending before this court.  In Oriakhi v. United States, No. PJM-08-893, 2008 WL 1781017 *1 (D. Md. April 16, 2008), the court noted that *audita querela* "is not available to challenge a conviction or sentence where these contentions could have been raised pursuant to 28 U.S.C. § 2255," citing Carlisle v. United States, 517 U.S. 416 (1996).

> Where, as here, a petition clearly challenges the validity of a petitioner's underlying sentence, a § 2255 motion is the appropriate legal proceeding to request relief.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*).  Resorting to the residual authority of the All Writs Act is unnecessary and improper. Regardless of the label used by Petitioner, the subject matter of the motion, and not the title he assigns, determines its status. {Citations omitted.] Because Oriakhi has submitted prior § 2255 motions, he must first obtain leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. [Footnote omitted.]
>
> The writ cannot be obtained on purely equitable grounds.  *See United States v. Hovespian*, 359 F.3d 1144, 1154 (9th Cir. 2004); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991).   Finally, *Booker* is not retroactive, and does not apply to federal collateral proceedings where, as here, the conviction became final before *Booker* was decided.  *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).  As such, Oriakhi fails to present a colorable claim of constitutional violation to

warrant the writ.

Oriakhi, 2008 WL 1781017 *1-2.

Similarly, in United States v. Zaldivar-Fuentes, No. 5:05-cr-00007-8, 2009 WL 1347049 (W.D. Va. May 12, 2009), the court held that the writ of *audita querela* is not available

> because the relief he seeks can be remedied by § 2255. The writ of *audita querela* is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991). The writ is not available to an inmate when other remedies exist, such as a motion to vacate sentence under § 2255. [Citations omitted.] The fact that a particular prisoner was or would be unable to obtain relief under § 2255 because of a procedural bar does not render the statute an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. *See, e.g., In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

2009 WL 1347049 *1.

The undersigned proposes that the presiding District Judge **FIND** that the writ of *audita querela* is not available to Petitioner.

It is respectfully **RECOMMENDED** that the petition be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal

4

Procedure, Petitioner shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to counsel of record.

June 23, 2009  
Date

Mary E. Stanley  
United States Magistrate Judge